74 So.2d 203 (1954)
225 La. 1030
STATE
v.
JOURDAIN.
No. 41805.
Supreme Court of Louisiana.
July 2, 1954.
Matthew S. Braniff, New Orleans, for defendant-appellant.
Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.
*204 McCALEB, Justice.
Appellant was charged, tried and convicted of possession of a narcotic drug, a marijuana cigarette, in violation of LSA-R.S. 40:962 and sentenced to serve ten years in the State Penitentiary. During his trial, he reserved two bills of exceptions upon which he is depending on this appeal for a reversal of his conviction.
The first bill was taken to the overruling of appellant's motion to quash the bill of information. This motion was based on five separate claims that the Uniform Narcotic Drug Law, LSA-R.S. 40:961-40:983, is either unconstitutional or that the proceedings thereunder are illegal and void. In this court, counsel presses but two of these charges and, therefore, we assume that the others have been abandoned.[1]
It is said, initially, that LSA-R.S. 40:962 and 40:979 are violative of the Fifth Amendment of the Constitution of the United States and Article 1, § 2 of our own Constitution in that they effect a shifting of the burden to the accused to prove his innocence by providing, in LSA-R.S. 40:979, that it shall not be necessary, in any information or indictment, to negative any exception or exemption in the statute in favor of apothecaries, dentists, hospitals, etc.
There is no substance in the complaint. The burden of proof remains with the State to show guilt of the accused beyond a reasonable doubt, that it, the unlawful possession of the narcotic drug. If appellant had claimed to have come within any of the exceptions set forth in the act, it could have been urged as a defense to the charge. The fact that LSA-R.S. 40:979 specifically exempts the State from negativing any exception or proviso in the bill of information or indictment has nothing to do with the shifting of the burden of proof to the defendant. This is merely a rule of procedure which is well recognized under our law, Article 228 of the Code of Criminal Procedure, LSA-R.S. 15:228, and the jurisprudence, State v. Broadnax, 216 La. 1003, 45 So.2d 604.
Appellant also asserts in his motion to quash the bill of information that the manner in which the narcotic law was being administered by the New Orleans Police Department and the District Attorney's office for the Parish of Orleans has deprived him of an equal protection of the law, violative of Section 1 of the Fourteenth Amendment of the Constitution of the United States, in that these officials are actively prosecuting the infraction in this case, whereas they have refrained from prosecuting other violations of the narcotic act of a more serious nature. In support of this proposition, counsel for appellant sought to prove at a hearing on the motion to quash, by cross-examination of police and other officials, that certain individuals arrested for narcotic violations had been given immunity because they had become informers for the Police Department and that no such "proposition" to become an informer had been offered to appellant. Upon objection by the District Attorney to this line of evidence, the judge refused to hear the testimony, which is the subject of appellant's complaint of an unconstitutional administration of the statute.
The claim is untenable. Seemingly, it is the thought of counsel that the failure of the Police Department and the District Attorney to offer appellant immunity, if he would become an informer, operates as a purposeful discrimination against him and thus denies him an equal protection of the law. But, if it be conceded that the police and the district attorney have failed to prosecute law violators who have agreed to become informers, this does not either constitute an unlawful administration of the statute or evidence an intentional or purposeful discrimination against appellant. The matter of the prosecution of any criminal case is within the entire control of the district attorney, LSA-R.S. 15:17, and the fact that not every law *205 violator has been prosecuted is of no concern of appellant, in the absence of an allegation that he is a member of a class being prosecuted solely because of race, religion, color or the like, or that he alone is the only person who has been prosecuted under the statute. Without such charges, his claim cannot come within that class of unconstitutional discrimination which was found to exist in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; and McFarland v. American Sugar Ref. Co., 241 U.S. 79, 36 S.Ct. 498, 60 L.Ed. 899. See Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497, and cases there cited.
The other bill of exceptions was taken to the overruling of a motion for a new trial on the ground that the verdict was contrary to the law and the evidence. This presents nothing for review.
The conviction and sentence are affirmed.
NOTES
[1] Nevertheless, we have examined the points, which are not briefed, and find no merit in them.