427 So.2d 835 (1982)
STATE of Louisiana
v.
David D. LEWIS.
No. 81-KA-2442.
Supreme Court of Louisiana.
September 7, 1982.
On Rehearing February 23, 1983.
Rehearing Denied March 25, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Dist. Atty., Evelyn Oubre, Karen Lee Price, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
*836 James Miguez, Carl A. Leckband, Jr., Lake Charles, for defendant-appellant.
DENNIS, Justice.[*]
Defendant, David D. Lewis, was convicted by a jury of four counts of possession of controlled dangerous substances, La.R.S. 40:967(C), 40:968(C), and sentenced to five years imprisonment at hard labor concurrently on each count. The sentences were suspended, defendant was placed on supervised probation for five years, and a fine of $1,000 was assessed. On appeal, defendant attacks the search warrant under which the evidence against him was seized. Finding reversible merit in this assignment of error, we pretermit consideration of defendant's other assignments of error.
The prosecution's case was based on evidence seized from defendant's apartment pursuant to a search warrant. Defendant argues that the trial court erred in denying his motion to suppress the introduction of the seized drugs because the warrant under which the drugs were seized was issued without probable cause.
Troopers Schell and Chargois presented an affidavit in support of their request for a warrant authorizing the search of defendant's residence for "an unknown number of blue and red capsules believed to be tuinal, a Schedule II controlled dangerous substance." The affidavit said that "[o]n Thursday, March 27, 1980, the affiant, Tpr. Richard Chargois, was a guest in the aforementioned apartment. At approximately 3:15 p.m., the suspect, David Lewis showed Tpr. Chargois a quanity [sic] of blue and red capsules ahich [sic] he (Lewis) discribed [sic] as `trees', a term used to discribe [sic] Tuinal, a controlled dangerous substance." After a warrant was issued, the officers conducted a search of defendant's apartment and seized a quantity of pills containing amobarbital, secobarbital, methaqualone and phentermine.
Article 1, § 5 of the 1974 Louisiana Constitution provides that "[n]o warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the person, or things to be seized, and the lawful purpose or reason for the search." Article 162 of the Code of Criminal Procedure provides that "[a] search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant."
The warrant was issued in violation of the constitution and statute because the affidavit failed to set forth facts from which an issuing magistrate could find probable cause to believe that the unspecified amount of capsules in defendant's possession constituted evidence of a crime. Tuinal may be used for medicinal purposes and possession of it obtained directly or pursuant to a valid prescription from a doctor is not unlawful.[1] La.R.S. 40:967(C), 40:968(C). The defendant's voluntary, open display of the capsules to his guest tends to demonstrate that he considered his possession of the drugs lawful. Moreover, the affidavit does not rule out the significant possibility that defendant was aware that his guest was a police officer. The mere fact that the defendant referred to the pills by nickname does not give rise to a reasonable belief that defendant possessed them illegally. Perhaps the facts in the affidavit justify a suspicion of criminal activity, but suspicion has never been a sufficient basis for the issuance of a search warrant.
Accordingly, the defendant's conviction and sentences are reversed and the case is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
*837 SEXTON, J., concurs.
WATSON and LEMMON, JJ., dissent and assign reasons.
LOBRANO, J., dissents with reasons.
WATSON, Justice, dissenting.
The majority implies that in every case involving controlled dangerous substances the officer making his affidavit to obtain a search warrant must negate the possibility that the substances are possessed pursuant to a prescription. I believe that an affidavit which states that the officer saw a quantity of pills which were displayed to him by defendant and described in street terms favored by pill-pushers and users is sufficient to justify the issuance of a search warrant.
Therefore, I respectfully dissent.
LEMMON, Justice, dissenting.
The affidavit clearly established probable cause to believe that defendant possessed a controlled dangerous substance. Whether he did so legally with a prescription is a matter of defense, to be presented to the police at the time of arrest, to the prosecutor prior to institution of prosecution, or to the judge or jury at trial. It places an oppressive burden on law enforcement to require a showing of the nonexistence of a prescription in order to establish probable cause.
However, even if circumstances must be shown to establish the probability that the drugs were possessed without a prescription, the affidavit was sufficient. In these times of extensive drug usage, the flaunting of a bottle of drugs to a former neighbor in an apartment complex, while referring to the drugs by a street name, raises the inference that the drugs, more probably than not, are being possessed illegally. It is highly unlikely that defendant was "showing off" his prescription drugs.
Affidavits submitted in support of warrants should not be viewed grudgingly, but should be interpreted in a common sense manner, and in a close case preference should be accorded to warrants to encourage law enforcement officers to submit their evidence to a neutral magistrate before conducting a search. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
The judgment should be affirmed.
ROBERT L. LOBRANO, Justice Ad Hoc (dissenting).
The instant decision holds that the search warrant was issued in violation of defendant's constitutional rights "because the affidavit failed to set forth facts from which an issuing magistrate could find probable cause to believe that the unspecified amount of capsules in defendant's possession constituted evidence of a crime". The court bases its decision on three factors:
1) defendant's voluntary, open display of the capsules to his guest (whom he may have believed was a police officer) tended to demonstrate that he considered his possession of the drugs lawful, and
2) the fact that defendant referred to the pills by their street name "trees" did not give rise to a reasonable belief that defendant possessed them illegally, and
3) that the pills may be used for medicinal purposes and therefore the defendant could have obtained them pursuant to a valid prescription.
With the above conclusions I do not agree.
First, an open display of contraband by a possessor of same does not necessarily create a presumption that the possessor believes he is in legal possession of the contraband. It may be nothing more than mere arrogance or carelessness on his part or the belief that the person or persons viewing the contraband will not betray him. In any event, the reasons for an open display of contraband may be many, but the fact that they are openly displayed should not negate the probable cause needed for a search warrant.
Second, the fact that a possessor of a controlled dangerous substance refers to it by its "street name" does not create a presumption *838 of innocence no more so then does open display. If anything, the use of the "street name" weighs in favor of creating a substantial basis for the warrant as it is not within the normal course of human behavior for a possessor of legally obtained drugs for medicinal purposes to refer to them by their illegal street name.
The facts of the warrant are based on the first hand observation of the affiant police officer. The affiant was under no duty in law to determine whether the drugs were obtained pursuant to a valid prescription. This is an affirmative defense which the defendant has the burden to prove on the merits. La.R.S. 40:990; State v. Jourdain, 225 La. 1030, 74 So.2d 203 (1954).
The affidavit in the case at bar plainly recited detailed facts which would establish to the satisfaction of a neutral and detached magistrate probable cause to search the named premises. La. Const. Art. 1, Sec. 5 (1974); C.Cr.Pro. Art. 162; State v. Nelson, 381 So.2d 477 (La.1980).
A showing of probable cause requires much less evidence than proof beyond a reasonable doubt. As the term "probable cause" implies, the magistrate, and the officers securing his approval for the search, are dealing in probabilities. They are not technical; they are factual and practical considerations of every day life upon which reasonable and prudent men, not legal technicians act. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310; 93 L.Ed. 1879 (1949).
Furthermore, a magistrate's determination of probable cause should be accorded great deference by a reviewing court. State v. Nix, 327 So.2d 301 (La.1975). The reviewing court must avoid the temptation to substitute its' judgment for that of the magistrate and should merely determine whether there was a substantial basis for the magistrate's determination. United States v. Middleton, 599 F.2d 1349 (5th Cir. 1979); State v. Sierra, 338 So.2d 609 (La. 1976); State v. Ogden, 391 So.2d 434 (La. 1980).
For the above reasons I respectfully dissent.

ON REHEARING
MARCUS, Justice.
On original hearing, finding that the evidence in question was seized pursuant to a search warrant issued without probable cause, we reversed defendant's convictions and sentences.[1] We granted the state's application for rehearing to reconsider our finding on this issue. On reconsideration, we find that there was probable cause for the issuance of the warrant. Likewise, we find no merit in the remaining assignments of error not reached on original hearing. Accordingly, for reasons hereinafter assigned, we affirm defendant's convictions and sentences.

ASSIGNMENTS OF ERROR NOS. 1, 5, 6, 9 AND 15
Defendant contends the trial judge erred in failing to suppress physical evidence seized by police officers pursuant to a search warrant. He argues that the affidavit upon which the warrant was issued failed to recite facts establishing probable cause for issuance of the warrant. Accordingly, the evidence seized as well as testimony relating thereto was inadmissible.
The affidavit in support of the request for the warrant recited the following: "On Thursday, March 27, 1980, the affiant, Trp. Richard Chargois, was a guest in the aforementioned apartment. At approximately 3:15 p.m., the suspect, David Lewis showed Trp. Chargois a quanity [sic] of blue and red capsules ahich [sic] he (Lewis) discribed [sic] as `trees', a term used to discribe [sic] Tuinal, a controlled dangerous substance." The search warrant was issued at 4:35 p.m. *839 and executed at 5:58 p.m. on March 27, 1980.
On original hearing, we held that this affidavit failed to set forth sufficient facts to establish probable cause for the issuance of the warrant. We based our decision on the fact that defendant's voluntary, open display of the capsules to his guest tended to demonstrate that he considered his possession of the drugs lawful and the fact that defendant referred to the pills by their street name, "trees," did not give rise to a reasonable belief that defendant possessed them illegally. Additionally, we may have implied that in every drug case involving controlled dangerous substances the affidavit to obtain a search warrant must negate the possibility that the substances were possessed pursuant to a valid prescription.
Constitutional provisions insure a person from unreasonable search and seizure of his house, papers and effects. No such search or seizure shall be made except upon a warrant issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. U.S. Const.Amend. IV; La. Const. art. 1, § 5. Conformably, our Code of Criminal Procedure in art. 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
We have held that probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonable trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. State v. Mena, 399 So.2d 149 (La.1981); State v. Wichers, 392 So.2d 419 (La.1980). The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Mena, supra.
In our opinion, the facts recited in the affidavit clearly provide enough information to support an independent judgment that probable cause existed for the issuance of the warrant. The officer stated that he was a guest in defendant's apartment at the time he was shown a quantity of blue and red capsules which defendant referred to as "trees," the street name for a controlled dangerous substance. Moreover, the affidavit need not negate the possibility that the substances were possessed pursuant to a valid prescription, as that is a matter that may be raised as a defense at a preliminary examination or at trial. La. R.S. 40:990; State v. Jourdain, 225 La. 1030, 74 So.2d 203 (1954). Hence, we conclude that the affidavit contained sufficient facts for a magistrate to reasonably determine that probable cause existed for issuance of the search warrant in the instant case. Accordingly, the evidence seized as well as testimony relating thereto was admissible.
Assignments of Error Nos. 1, 5, 6, 9 and 15 are without merit.

ASSIGNMENT OF ERROR NO. 17
Defendant contends the trial judge erred in refusing to instruct the jury that the state has the burden of proof that he possessed the drugs in question without a valid prescription.
La.R.S. 40:967(C) and 968(C) provide in pertinent part:
It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II [or III] unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner....
Under these provisions, the possession of a Schedule II or III drug is not unlawful if they are possessed pursuant to a valid prescription. Thus, this is an exception set forth within the statute.
La.R.S. 40:990(A) provides:
It shall not be necessary for the state to negate any exemption or exception set forth in this part in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding *840 under this part, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit. (Emphasis added.)
Hence, La.R.S. 40:990 makes it clear that a defendant has the burden of proof that he possessed the drugs by a valid prescription, an exception to possession of a controlled dangerous substance. If defendant had claimed to have come within the exceptions in the statutes, he could have urged it as a defense to the charge. State v. Jourdain, 225 La. 1030, 74 So.2d 203 (La.1954). Accordingly, the trial judge did not err in failing to give defendant's requested jury instruction. Assignment of Error No. 17 is without merit.
We find that none of the remaining assignments of error present reversible error, nor do any involve legal issues not governed by clearly established principles of law. They will be treated in an appendix which will not be published but which will comprise part of the record in this case.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
DIXON, C.J., dissents with reasons.
CALOGERO, J., dissents for reasons expressed in the original majority opinion herein.
DENNIS, J., dissents for the reasons stated in the original opinion of the court.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
The affidavit for the warrant should have related facts showing these prescription drugs were in defendant's possession without a prescription.
The validity of R.S. 40:990(A) is highly doubtful. A defendant who pleads not guilty is under no burden. An element of the crime of possession of prescription drugs without a prescription is the absence of a prescription, an element which the state must prove.
NOTES
[*] Judges William Norris III and Fred C. Sexton, Jr. of the Court of Appeal, Second Circuit, and Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.
[1] Tuinal is listed in the 1981 Physician's Desk Reference on page 1091 as the brand name for a drug manufactured by Lilly containing amobarbital and secobarbital for the purpose of preoperative use and for use whenever a moderately sustained hypnotic effect is required.
[1] Defendant was charged in the same information with four separate counts of possession of controlled dangerous substances in violation of La.R.S. 40:967(C) and 968(C). After trial by jury, he was found guilty as charged on all four counts and sentenced to serve five years at hard labor on each count, said sentences to run concurrently, and to pay a fine of $1,000. The imprisonment portion of the sentence was suspended and defendant was placed on supervised probation for a period of five years.