Joseph WOODS, Petitioner–Appellant,

v.

Robert H. BUTLER, Sr., Warden, Louisiana State Penitentiary, et al., Respondents–Appellees.

No. 87–3505.

United States Court of Appeals, Fifth Circuit.

June 28, 1988.

David Gruning, New Orleans, La., for petitioner-appellant.

Joseph Woods, pro se.

Jack C. Peebles, William A. Marshall, Asst. Dist. Attys., New Orleans, La., for respondents-appellees.

Before POLITZ and JOHNSON, Circuit Judges, and BOYLE,[*] District Judge.

JOHNSON, Circuit Judge.

Petitioner Joseph Woods was convicted by a jury on October 16, 1979, of the crime of possession of a controlled dangerous substance—phenmetrazine. Woods now argues his 1979 conviction is constitutionally infirm as the Louisiana Controlled Dangerous Substances Law, La.Rev.Stat. 40:961 *et seq.*, pursuant to which Woods was convicted, shifts the burden of proof on an element of the charged offense to the accused. Because we conclude that a valid prescription is a defense to the crime of possession of a controlled substance which the State may properly require a defendant

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

to prove, we affirm the district court's decision denying Woods' petition for habeas corpus relief.

## I. FACTS AND PROCEDURAL HISTORY

Woods was arrested on March 30, 1979, pursuant to an anonymous tip received by police. At the time of Woods' arrest, police officers discovered that Woods possessed a hand gun and twenty-three preludin capsules (phenmetrazine). Woods later maintained at a hearing on a motion to suppress that he possessed the drugs pursuant to a valid prescription. Specifically, Woods testified that the preludin capsules were prescribed by a doctor to alleviate pain which Woods was suffering as a result of three pins in his leg. Further, Woods asserted that, at the time of his arrest, he possessed the drugs in a brown prescription bottle with a label attached; however, Woods maintained that the police officers "smashed" the bottle. The district court ultimately denied Woods' motion to suppress.

At trial, the State presented evidence establishing that Woods possessed the drugs on his person at the time of arrest; but did not present any proof that Woods lacked a prescription for the drugs. Woods, however, declined to call witnesses or offer any evidence in his defense after the State presented its case-in-chief. Woods was subsequently convicted of possession of phenmetrazine and, having been adjudicated a quadruple offender, sentenced to life imprisonment.

Thereafter, on June 3, 1985, Woods successfully obtained the reduction of his life sentence in a state application for postconviction relief to twenty years without eligibility for good time credits. Having exhausted his state remedies, Woods then filed the instant petition for habeas corpus relief in federal district court on November 4, 1986. The district court denied relief and Woods now appeals to this Court.

## II. DISCUSSION

Woods was charged and convicted of possession of a controlled dangerous substance under the Louisiana Controlled Dangerous Substances Law ("LCDSL"), La. Rev.Stat. 40:961 *et seq.* (West 1977 and Supp.1988) which adopts with minor variations the Uniform Controlled Dangerous Substances Law. The pertinent provision of the LCDSL, La.Rev.Stat. 40:967(C), provides:

> C. *Possession.* It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part.

As to the allocation of the burdens of proof in proceedings brought pursuant to the LCDSL, the Louisiana act further provides:

> A. It shall not be necessary for the state to negate any exemption or exception set forth in this part in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this part, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit.

La.Rev.Stat. 40:990(A). Interpreting the above two provisions in the LCDSL, the Louisiana Supreme Court has classified a valid prescription for the purposes of La. Rev.Stat. 40:967(C) as an "exemption or exception" within the context of La.Rev. Stat. 40:990(A), thereby requiring the accused to prove the existence of a prescription to defeat the charge of possession of a controlled substance. *State v. Lewis,* 427 So.2d 835, 839–40 (La.1982).

On appeal, Woods asserts a facial challenge to the constitutional validity of La. Rev.Stat. 40:967(C) as interpreted and applied by the Louisiana Supreme Court in *State v. Lewis.* In this respect, Woods maintains that the crime of possession of a controlled substance as set forth in La.Rev. Stat. 40:967(C) consists of two elements: (1) possession of a controlled substance and (2) absence of a prescription or authorization for the possession of that substance.

Woods further argues essentially that, since the LCDSL places the burden of proving the existence of a prescription on the accused, the LCDSL impermissibly shifts the burden of proof on an element of the crime of possession to the defendant in violation of the Due Process Clause of the Constitution.

Every defendant enjoys the fundamental right under the due process clause to have the prosecution prove beyond a reasonable doubt each and every element of the offense charged before conviction. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Since the Louisiana Supreme Court has interpreted La. Rev.Stat. 40:967(C) and 40:990(A) to require the accused to prove the existence of a valid prescription to defeat the crime of possession, our focus in the instant case is necessarily narrowed to the question of whether the absence of a valid prescription for an otherwise illegal controlled dangerous substance is an element of the crime of possession, or whether the presence of such a prescription is a defense to that crime. Deferring to the construction of the LCDSL adopted by the Louisiana Supreme Court in *Lewis* and believing the better construction of the Louisiana statutory scheme to be that the existence of a prescription is a defense to the crime of possession, we reject Woods' contention.[1]

Balancing the interests of the state in the effective and efficient administration of justice with a defendant's right that the state prove the existence beyond a reasonable doubt of each element of a crime before conviction, the Supreme Court has concluded that, a state may permissibly place (1) the burden of going forward with evidence and (2) the burden of persuasion by a preponderance of the evidence as to an affirmative defense on the accused. *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987); *see also Simopoulos v. Virginia*, 462 U.S. 506, 103 S.Ct. 2532, 76 L.Ed.2d 755 (1983); *Patterson v.*

*New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Thus, in the instant case, if the absence of a valid prescription is a necessary element of the crime of possession pursuant to La.Rev.Stat. 40:967(C), the interpretation of the LCDSL by the Louisiana Supreme Court in *Lewis* and the application of the LCDSL to Woods in the instant case constitutes an impermissible shifting of the burden of proof on an element of the crime to the accused in violation of the Constitution; if the absence of a prescription is an element, the accused is then required to negate an element of the crime of possession to defeat his guilt. If, on the other hand, the presence of a prescription is a "exemption or exception" to the crime of possession, Louisiana may, consistent with Supreme Court precedent, require Woods to prove the existence of that exception by a preponderance of the evidence.

We begin our analysis initially by noting that the Supreme Court has previously recognized that "[i]t goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government...." *Patterson*, 432 U.S. at 201, 97 S.Ct. at 2322 (citation omitted). In *Patterson*, the Supreme Court further stated:

> Among other things, it is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."

*Id.* at 201–02, 97 S.Ct. at 2322 (quoting *Speiser v. Randall*, 357 U.S. 513, 523, 78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460 (1958); *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)).

---

1. Throughout the opinions in this area by the courts and in our discussion of the instant case, the terms "affirmative defense," "exemption," "excuse," and "defense" are used interchangeably. While subtle differences between the terms exist, all primarily interpose some justification or excuse to avoid criminal liability; thus, the same legal principles are generally applicable to each term.

Recognizing the preeminent role of the states in preventing and dealing with crime, the Supreme Court nevertheless has noted that "there are obviously constitutional limits beyond which the States may not go in this regard." *Patterson,* 432 U.S. at 210, 97 S.Ct. at 2327. For instance, a state may not impermissibly shift the burden of proof to the defendant in a criminal case by presuming the existence of an element of the offense upon proof of the other elements of the offense. *Patterson,* 432 U.S. at 215, 97 S.Ct. at 2329; *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Moreover, the Constitution does not permit states to shift burdens of proof to the accused in violation of the Constitution "by labeling as affirmative defenses at least some elements of the crimes now defined in their statutes." *Patterson,* 432 U.S. at 210, 97 S.Ct. at 2327.

■ It is difficult to adopt a bright line approach in determining whether a particular fact is to be classified as an affirmative defense as opposed to an element of a crime. Necessarily, such a classification is dependent on the language adopted by a state legislature in defining a crime and the particular offense involved. In setting forth the elements of a crime and shifting the burden of proof on certain facts to the defendant, the states are limited by considerations of reason and fairness. The Supreme Court has characterized the limits on such legislative action in the following terms:

> The limits are in substance these, that the states shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression.

*Morrison v. California,* 291 U.S. 82, 88–89, 54 S.Ct. 281, 284, 78 L.Ed. 664 (1934) (cita-

tion omitted). Analyzing the construction of the LCDSL in *Lewis,* which requires the defendant to prove the existence of a valid prescription, we are persuaded that such a construction satisfies the Supreme Court's concerns that a state's action in shifting the burden of proof in a criminal case to the defendant be cloaked with a protective blanket of reason and fairness. An individual accused of possession of a controlled dangerous substance who claims to have a valid prescription authorizing the possession of the drugs is in the best position to possess knowledge of the facts necessary to prove the defense—the prescribing doctor, the reason for the prescription, and the location from which the controlled substance was obtained. Further, it cannot be disputed that Louisiana may constitutionally criminalize and punish the act of possessing a controlled dangerous substance. The due process clause does not require a state to choose between abandoning its statutorily created exceptions to the crime of possession or "undertaking to disprove their existence in order to convict of a crime which otherwise is within its constitutional powers to sanction by substantial punishment." *Patterson,* 432 U.S. at 208, 97 S.Ct. at 2326.[2]

Moreover, the conclusion which we reach today that Louisiana's classification of the presence of a prescription as a defense to the crime of possession is constitutionally permissible is consistent with a previous opinion by the Circuit Court for the District of Columbia interpreting virtually identical language in the federal Controlled Substances Act, 21 U.S.C. § 801 *et seq.* In *United States v. Forbes,* 515 F.2d 676 (D.C. Cir.1975), the court discussed the following statutory provision in the federal act:

> (a) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of

---

**2.** In this regard, we note that Texas has likewise classified the existence of a valid prescription for a controlled substance as a defense to the crime of possession. *Rodriquez v. State,* 561 S.W.2d 4 (Tex.Crim.App.1978); *Threlkeld v.* *State,* 558 S.W.2d 472 (Tex.Crim.App.1977). The State of Idaho has similarly defined the presence of a prescription as a defense. *State v. Nab,* 742 P.2d 423 (Id.App.1987).

his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this Chapter....

21 U.S.C. § 844(a). Section 885(a)(1) of the federal Controlled Substances Act provides:

(a)(1) It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this subchapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.

21 U.S.C. § 885(a)(1). The *Forbes* court concluded that "the 'unless' clause [in section 844(a)] establishes a defense to be raised by the accused rather than an element of the offense to be proven by the Government," reasoning that a contrary construction would result in the Government being burdened with the near impossible task of proving a negative to establish a violation of section 844(a). *Id.*

The reasoning of the court in *Forbes* is equally applicable to an interpretation of the Louisiana statute. Were we to adopt a construction of La.Rev.Stat. 40:967(C) requiring the State to prove the absence of a valid prescription to establish the crime of possession of a controlled substance, not only would this Court directly contradict a state court's construction of its own statute, but this Court would also be requiring the State to assume the difficult burden of negating the possibility of the existence of a prescription in possession cases. We decline to reach such a result.

In comparing the provisions of the federal Controlled Substances Act with the similar provisions in the LCDSL, we are mindful that while Louisiana places the burden

of persuasion of an exception on the defendant, the federal statute requires only that the defendant come forward with evidence of the exception. In this regard, the government retains the ultimate burden of persuasion on the exception under the federal act. However, because the Supreme Court has concluded that a state may properly place not only the burden of going forward with evidence of a defense on the accused, but also the burden of persuasion of that defense on the accused, the fact that the Louisiana act requires more of the defendant than the federal act does not render the LCDSL constitutionally infirm.[3]

Woods further argues that the Louisiana Supreme Court has not yet decided the question of whether the absence of a prescription is an element of the crime of possession or whether the presence of a prescription is a defense to that crime. Woods maintains that *State v. Lewis* does not accomplish this task because the Louisiana Supreme Court was there confronted with the validity of a search warrant and more accurately, the existence of sufficient probable cause to support the issuance of the warrant. We do not read the Louisiana Supreme Court's decision in *Lewis* to address only the narrow issue of the validity of the search warrant. In *Lewis*, the defendant attacked not only the validity of the search warrant, but also the refusal of the trial judge to instruct the jury that the State has the burden of proof that he possessed the drugs in question *without a valid prescription*. On this issue, the Louisiana Supreme Court stated:

Hence, La.R.S. 40:990 makes it clear that a defendant has the burden of proof that he possessed the drugs by a valid prescription, an exception to possession of a controlled dangerous substance. If defendant had claimed to have come within the exceptions in the statutes, he could

---

3. In *Martin,* the Supreme Court did state that if the jury had been instructed that the evidence on the affirmative defense could not be considered in determining whether there was a reasonable doubt about the State's case—i.e., that the affirmative defense evidence must be put aside for all purposes unless proven beyond a preponderance of the evidence—such an instruction would unconstitutionally relieve the

prosecution of the burden of proving beyond a reasonable doubt all of the elements of the crime charged. *Martin,* 480 U.S. at ——, 107 S.Ct. at 1102. In the instant case, Woods declined to present any evidence to establish the existence of a prescription and does not raise the situation contemplated by the Supreme Court in *Martin.*

have urged it as a defense to the charge. *State v. Jourdain*, 225 La. 1030, 74 So.2d 203 (La.1954).

*Lewis*, 427 So.2d at 840. Thus, the Louisiana Supreme Court has expressly determined the existence of a valid prescription to be a defense to the crime of possession of a controlled dangerous substance under the LCDSL. This Court does not lightly "disturb a State's decision with respect to the definition of criminal conduct...." *Martin*, 480 U.S. at ——, 107 S.Ct. at 1101; therefore we will not interfere with the interpretation of the LCDSL by Louisiana's highest court since we do not perceive the state court's construction to violate the protections afforded to individuals by the due process clause.[4]

■ Finally, Woods maintains that the failure of the State to preserve a record of the trial at the state district court level, or to make available a transcript of that trial to him, violates his due process rights. Initially, we note that Woods did not raise this issue in the federal district court. This Court is generally limited to addressing on appeal only those issues presented in the first instance to the district court. *Moore v. Wainwright*, 633 F.2d 406, 407 (5th Cir. 1980). Moreover, in the instant case, Woods launched a prima facie challenge to the legal validity of La.Rev.Stat. 40:967(C) as interpreted and applied by the Louisiana Supreme Court in *State v. Lewis*. Therefore, the existence of the state trial court transcript was not necessary to effectively challenge the LCDSL in this regard. Thus, we cannot say that Woods' constitutional rights were violated by the State's refusal to provide him with a transcript in the instant case. *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 276 (1985); *Jackson v. Estelle*, 672 F.2d 505 (5th Cir.1982).

For the reasons stated above, we affirm the district court.

AFFIRMED.

---

4. Woods also alleges that his fifth amendment right against self-incrimination was violated in that the jury was allowed to infer the second element of the crime of possession of a controlled substance—the absence of a valid prescription—from his refusal to take the stand and testify or to present evidence on that issue. Because we have determined that the absence of a valid prescription is not an element of the offense charged, Woods' contention in this regard is without merit.