678 So.2d 19 (1996)
STATE of Louisiana
v.
Brian BORDENAVE and Kevin Anderson.
No. 95-K-2328.
Supreme Court of Louisiana.
April 26, 1996.
Rehearing Denied September 3, 1996.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Jack Peebles, New Orleans, for Applicant.
Francis Rivers Lelong, Jr., New Orleans, for Respondent.
PER CURIAM.
In a pre-trial ruling meant to forestall any double jeopardy implications which might have arisen in defendants' trial on charges of attempted first degree murder and armed robbery, see State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990), the trial judge resolved that he would give jurors only the definition of first degree murder in La.R.S. 14:30(A)(3). The ruling required the state to prove on the attempted murder count that the defendants had specifically intended to kill more than one person. After reviewing the testimony at trial, the Fourth Circuit concluded that the state had presented insufficient evidence that on the night of November *20 8, 1991, either Bordenave or Anderson had been aware of, or targeted, Patrick Leon, as he ran after George Lewis, his companion on that night. Bordenave had just shot Lewis during an attempt to take Lewis's football jacket. The evidence otherwise showed that Bordenave fired several times at the fleeing Lewis, a circumstance which rationally supported an inference of a specific intent to kill. See e.g. State v. Williams, 383 So.2d 369 (La.1980); State v. Procell, 365 So.2d 484 (La.1979). The court of appeal accordingly reduced Bordenave's conviction to attempted second degree murder in violation of La.R.S. 14:30.1(A)(1), an offense which requires proof only of specific intent to kill. State v. Butler, 322 So.2d 189 (La.1975).
With regard to Anderson, however, the Fourth Circuit found no evidence of specific intent, as he "told Bordenave to take the jacket, but did not urge Bordenave to shoot or participate in the shooting." State v. Bordenave, 93-1682, at 9 La.App. 4 Cir. 8/23/95, 660 So.2d 1207, 1213. The court of appeal therefore set aside Anderson's conviction on that count. While it affirmed Bordenave's conviction and sentence for armed robbery, the court of appeal also found that the introduction of evidence of two ensuing chases with the police on November 13 and November 15, 1991, had prejudiced Anderson on that count because "[e]vidence that Anderson pointed a gun at Officer Watzke during the November 13, 1991 chase and that Anderson was in possession of two guns and shoulder holsters on November 15, 1991 [was] irrelevant and inadmissible." Id., 94-2973, at 13; 660 So.2d at 1215. The court of appeal therefore reversed Anderson's conviction and sentence for armed robbery and remanded his case for retrial of that charge. We granted the state's application to review the judgment below. We reverse as to Anderson only.
A reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure that the defendant has received due process of law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id., 443 U.S. at 319, 99 S.Ct. at 2789 (emphasis in original). The evidence at trial showed that Anderson moved toward Bordenave and Lewis as the two men struggled over the gun held to Lewis's head and urged Bordenave to hurry. "Get the jacket," Anderson ordered, "Let's go." Bordenave's gun gave him the means of settling matters between the men quickly and while it appears that the first shot may have discharged accidentally after Lewis knocked the gun away from his head, Bordenave then emptied his weapon at the fleeing victim, striking him two times in the back. Anderson was standing nearby when Bordenave fired the shots and both defendants then ran back to a parked and running gray-blue station wagon. They pursued the victim until he collapsed in the street. The car paused while Bordenave stripped the jacket from the unconscious and apparently moribund Lewis. Bordenave then climbed back into the station wagon and fled the scene with Anderson. These circumstances support the conclusion that a rational trier-of-fact could have reasonably determined that Anderson had the specific intent to kill Lewis because he urged the use of deadly force to conclude the armed robbery of Lewis as quickly as possible. Cf., State v. Brooks, 505 So.2d 714, 717-19 (La.1987); State v. Holmes, 388 So.2d 722, 727-28 (La.1980); State v. Sonnier, 380 So.2d 1, 4 (La.1979). Accordingly, on the state's application for review only as to Anderson, we reinstate the jury's verdict but, for the reasons assigned by the court of appeal in Bordenave's case, reduce the judgment to guilty of attempted second degree murder.
With regard to Anderson's conviction for armed robbery, our prior decisions make clear that "[m]atters which are ... logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses." State v. Constantine, 364 So.2d 1011, 1014 (La.1978); State v. Hollingsworth, 337 So.2d 461, 465 (La.1976). Anderson's conduct on November 13, 1991, was attributable to more *21 than the routine traffic violation which first caught the attention of the police when they spotted Bordenave driving the gray-blue station wagon without a current license plate. Apart from any tendency to reveal Anderson's consciousness of guilt for the Lewis robbery and shooting, however, the incident placed both defendants together in the getaway car less than a week after the Lewis crimes. On that occasion, Anderson had eluded his pursuers in a footrace after Bordenave crashed the station wagon. Nevertheless, as the result of the chase and arrest of Bordenave, the police were able to compile a photographic lineup and to obtain identifications of both men by Leon and of Bordenave by Lewis. The trial court did not abuse its broad discretion by determining that the probative value of this relevant evidence outweighed any unfair prejudice to Anderson. La.C.E. art. 403.
It appears that the police involved in the chase on November 15, 1991, were pursuing Anderson for an unrelated crime when they acted on a tip from an informant and stopped the cab in which he was riding. Considered by itself, evidence of Anderson's flight on this occasion may have been insolubly ambiguous and of marginal probative value to show his consciousness of guilt for the crimes involving Lewis. State v. Parker, 421 So.2d 834, 841 (La.1983) ("The jury was properly told to consider flight as evidence of guilt only if they believed the men were fleeing the scene of the automobile accident because they had committed the crime for which they were on trial.") (citing State v. Lee, 381 So.2d 792 (La.1980)); see 2 McCormick on Evidence, § 263, at 183 (Strong ed. 1992) ("In recent years, a number of courts have begun to look with particular care at the timing of the flight relative to the offense and the strength of the inference that in fleeing the defendant was aware of, and motivated by fear of apprehension for, a particular offense.") In the context of Anderson's flight from the police less than two days before, however, jurors could reasonably conclude that Anderson was aware the police had stumbled onto his connection to Bordenave and the gray-blue station wagon and that his second attempt to evade the police revealed his concern that the police had already determined the significance of that connection. We therefore find no abuse of the trial court's discretion in admitting this evidence. State v. Davies, 350 So.2d 586, 588-89 (La.1977).
Accordingly, we reverse the decision of the Fourth Circuit to the extent that it discharges Anderson from prosecution for the attempted murder of Lewis and vacates his conviction for armed robbery. We reinstate his conviction and sentence for armed robbery, enter a judgment of conviction for attempted second degree murder, and remand the case to the trial court for resentencing as to that count.
CONVICTION AND SENTENCE FOR ARMED ROBBERY REINSTATED; JUDGMENT OF GUILTY OF ATTEMPTED SECOND DEGREE MURDER ENTERED; CASE REMANDED FOR RESENTENCING.