h GAUDIN, Judge.
Martha Robinson was convicted of distribution of cocaine, LSA-R.S.40:967 (A)(1), and sentenced to three years at hard labor, with credit for time served. On appeal, she assigned these district court errors:
(1) her motion for a mistrial was wrongly denied after trial testimony revealed that the undercover police officer was accompanied by a confi *167 dential informer, whose identity was not disclosed,
(2) the verdict of the 12-person jury was not supported by sufficient evidence, and
(3) her sentence was excessive because she had no prior criminal record and the amount of cocaine, two small “rocks” valued at $40.00, was small.
We affirm. We find no reversible error in assignments (1) and (2). Regarding assignment (3), we note that the three-year sentence was illegally lenient, the statutory minimum being five years at hard labor; accordingly, we are reluctant to void the three-year term and remand for resentencing. The state did not appeal the sentence.
ASSIGNMENT NO. 1
This assignment of error relates to the identity of the confidential informer. Trial testimony showed that on May 5, 1997, police officer Gary | ^Driskell was working as an undercover narcotics agent driving an unmarked car, accompanied by Robert Turley, the confidential informer and Ms. Robinson’s brother-in-law. The vehicle was equipped with a video camera. Officer Driskell testified that he stopped his car in the St. Rose area and that he told Ms. Robinson, who was sitting in a nearby chair, that he was looking for a “40”, which means $40.00 worth of cocaine. Ms. Robinson, according to the officer, came to the automobile and gave him two small bags containing cocaine for which he paid to Ms. Robinson two $20.00 bills.
Ms. Robinson admitted going to the agent’s auto after Turley, her brother-in-law, called for her. She said Turley asked where he could purchase $200.00 worth of cocaine. She testified that she told Turley that she wasn’t involved in drugs but that if he was going to spend money on cocaine, he might as well give the money to her so she could give it to Turley’s daughter. In any event, it is clear that Ms. Robinson knew who the confidential informer was. She could have subpoenaed him to corroborate her version of the encounter with Driskell and Turley but she chose not to do so. The videotape in evidence, played for the jury, shows Ms. Robinson at the car speaking with its occupants.
Inasmuch as Ms. Robinson knew who the confidential informer was, we cannot say she was prejudiced either by the state’s alleged refusal to disclose the confidential informer’s identity or by denial of the motion for a mistrial.
I «ASSIGNMENT NO. 2
The standard for testing the sufficiency of the evidence requires that a conviction be based upon proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); and State v. Hawkins, 688 So.2d 473 (La.1997).
Ms. Robinson was convicted by and through the testimony of various police officers, including Officer Driskell. One of the prosecution witnesses, Lt. Christopher Canaski, said that when he went to Ms. Robinson’s residence, armed with search and arrest warrants, Ms. Robinson stated: “All this for one rock?” She also asked Lt. Canaski: “Are you the white boy I sold that rock to?” These statements were made after Miranda rights were read to Ms. Robinson and apparently understood.
During her trial testimony, Ms. Robinson admitted that she had marijuana “roaches” in her house, but she explained that she used the marijuana for her “nerves” and for “pain”. She also said that she made the statement to Lt. Cana-ski that she had sold drugs because police officers were harassing her and because her mother was upset by the officers’ presence.
Herbert Holmes, Ms. Robinson’s live-in boyfriend, was present when the warrants *168 were served. He testified that Ms. Robinson was badgered by Lt. Canaski but that she did not make the statements Lt. Cana-ski said sheLmade.
After hearing all of the testimony and considering the evidence, the jury chose to believe the state’s witnesses rather than the defense’s account of the events. It is not the function of this Court to assess the credibility of witnesses or to reweigh evidence. See State v. Bordenave, 678 So.2d 19 (La.1996), and many other cases with similar holdings. The acceptable evidence in this case, considered in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Ms. Robinson was guilty of distributing cocaine.
ASSIGNMENT NO. 3
Ms. Robinson contends that her three-year sentence of imprisonment at hard labor is excessive because she had no other criminal record and she also argues that the distribution of such a small amount of cocaine does not warrant imprisonment.
In May of 1997, the punishment for distributing cocaine was imprisonment at hard labor for not less than five years nor more than thirty years. A fine ■ of not more than $50,000.00 could be imposed.
The trial judge gave consideration to a pre-sentence report, in which the District Attorney’s office recommended a 20-year sentence, then stated extensive reasons for the three-year sentence. The trial judge found Ms. Robinson in need of some custodial treatment and that if she was placed on probation she would, in his opinion, commit another crime. Also, he stated that a lesser sentence would deprecate the seriousness of the distribution of [ scocaine conviction.
At the hearing on Ms. Robinson’s motion to reconsider her sentence, the trial judge said this:
“I don’t think it’s fair for our society to give a suspended sentence to somebody the first time, and then the second time they get a suspended sentence, and the third time you give them 30 years. That’s not justice. So I want people to make an informed decision if they were to get in trouble again by knowing what it’s like to lose their freedom for a short period of time. I think Miss Robinson is going to lose her freedom for a short period of time. A three-year sentence as we all know doesn’t mean three years. She’s going to be eligible for good time. I think she can rehabilitate herself while she’s in jail, I think she can benefit from jail ...”
This assignment of error has some merit, considering Ms. Robinson’s reasons for requesting probation, but no reversible error. We cannot say the sentence, less than the statutory minimum, was excessive.
AFFIRMED.