767 So.2d 921 (2000)
STATE of Louisiana
v.
Robert B. LUCAS.
No. 00-KA-258.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2000.
*923 Margaret S. Sollars, Thibodaux, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Frank Brindisi, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
DALEY, Judge.
Defendant, Robert Lucas, appeals his conviction and sentence for distribution of cocaine, a violation of LSA-R.S. 40:967 A. On appeal he assigns the following errors of the trial court:
1. The Trial Court erred by denying the defendant's motions for mistrial when the prosecutor repeatedly engaged in misconduct.
2. The evidence was insufficient to support the jury's verdict.
3. The Trial Court erred by imposing an unconstitutionally harsh and excessive sentence.

Procedural History
On August 17, 1999, the Jefferson Parish District Attorney's Office filed a Bill of Information charging the defendant, Robert B. Lucas, with distribution of cocaine, a violation of LSA-R.S. 40:967 A. The defendant was arraigned on August 25, 1999, at which time he pled not guilty. A 12-person jury was selected on October 13, 1999. On October 14, 1999, prior to trial, the court heard the defendant's Motion to Suppress Identification, which it denied. Also on that date, the trial was held and the jury found the defendant guilty as charged. On October 20, 1999, after the trial court denied the defendant's Motion for New Trial and the defendant waived the sentencing delays, the trial court sentenced the defendant to 15 years at hard labor, with the first five years of the sentence to be served without benefit of probation, parole, or suspension of sentence.
The state filed a multiple offender Bill of Information, alleging the defendant to be a second felony offender. However, on December 2, 1999, the State dismissed the multiple bill. The defendant filed a timely appeal.

FACTS
The following facts were developed from trial testimony. This case involves the distribution of cocaine from the defendant to an undercover police officer, Elston Cutino. Agent Cutino, a narcotics officer with the Westwego Police Department, testified that he was involved in an undercover drug operation in Gretna on October 22, 1998. He told the jury that, while undercover, he was canvassing the areas of O'Conner, Palfrey, and Cook Streets in Gretna. On that date, while driving, Agent Cutino made eye contact with a man he later identified as the defendant. The defendant told Agent Cutino to drive around the corner. After Agent Cutino had driven around the corner, the defendant approached his car and asked him what he wanted. Agent Cutino told the defendant he wanted "two twenties." The defendant told Agent Cutino to "hang on" and walked away. The defendant then returned to the car and handed Agent Cutino two whitish rocks in exchange for $40.00. The rocks were later identified as crack cocaine. Agent Cutino broadcast the defendant's description over the radio transmitter he was wearing.
Officer Claude Koenig of the Gretna Police Department was listening to the radio transmission. After Agent Cutino broadcast the defendant's description, Officer Koenig stopped the defendant, who was in the vicinity and matched the broadcast description. Officer Koenig asked the defendant for identification. Officer Koenig then compiled a photographic line-up, including *924 the defendant's photo. He showed the line-up to Agent Cutino, who identified the defendant as the man who sold him the drugs. Officer Koenig told the jury that Agent Cutino was in no way coerced into making the identification. A videotape of the transaction was made from the camera concealed on Agent Cutino's car, and the jury saw the videotape at trial.
The defendant testified on his own behalf. Prior to discussing the incident, the defendant admitted to prior convictions of armed robbery and attempted murder. He told the jury that, on October 22, 1998, he was living in the 1100 block of Romain Street in Gretna. He testified that, on that date, he was coming home from work when he saw a van parked on the street. He told the jury that he was stopped by his friend, Ben Johnson, who asked him to give the people in the van a small paper bag. The defendant testified that he handed the package to Agent Cutino, the driver of the van. The defendant also recalled a man he knew as "Lee" sitting in the van. He told the jury that he went inside the house, and, upon coming back outside, he was stopped by Officer Koenig, who handcuffed him and threw him in the back of the police car. The defendant denied selling the drugs.
On rebuttal, Agent Cutino testified that there was nobody in the car with him when the transaction took place. Based on the foregoing, the jury found the defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant argues that the prosecutor committed several instances of misconduct at trial, and that the trial court's failure to grant mistrials because of this conduct warrants reversal on appeal.
During trial, the prosecutor questioned Officer Koenig about his procedure in apprehending suspects after an undercover drug buy. The prosecutor stated: "Okay. Now, you stated before that sometimes when you pull up and confront these drug dealers you sometimes give them a bogus" The defendant objected to this comment, arguing that it characterized the defendant as a drug dealer. Also during trial, the prosecutor questioned Agent Cutino about making eye-contact with drug dealers and Agent Cutino explained that he didn't specifically request cocaine during an undercover buy, stating, "No. They know what you are looking for." Defendant moved for a mistrial in both instances. The trial court denied the defendant's Motion for Mistrial. The defendant also moved for a mistrial during the prosecution's attempt to question the defendant about a possible theft conviction he had in 1996. Finally, the defendant moved for a mistrial during the prosecution's questioning of the defendant regarding the trial strategy he pursued with his defense attorney. The trial court denied the defendant's mistrial motions.
Pursuant to LSA-C.Cr.P. art. 775, a mistrial shall be ordered, and in a jury case the jury dismissed, upon motion of the defendant, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when trial error results in substantial prejudice to defendant, depriving him of a reasonable expectation of a fair trial. State v. Smith, 433 So.2d 688 (La.1983). Whether a mistrial should be granted is within the sound discretion of the trial court, and denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Ratcliff, 98-101 (La.App. 5 Cir. 2/23/99), 731 So.2d 356, 363; State v. Brown, 96-1002 (La.App. 5 Cir. 4/9/97), 694 So.2d 435, 439, writ denied, 97-1251 (La.10/31/97), 703 So.2d 19.
In the first two instances in which a mistrial was requested in this case, the information elicited from the witnesses did not specifically address the defendant, but *925 rather clarified several police procedures relating to drug buys. Therefore, the prosecutor's questions did not elicit prejudicial information, and did not constitute misconduct warranting a mistrial. In the third instance, the prosecutor questioned the defendant about a 1996 theft conviction. The defendant argued at trial that this questioning was improper because the prosecutor was attempting to elicit information about a misdemeanor. However, it was not determined whether defendant was questioned about a felony or misdemeanor theft. Nonetheless, the defendant denied knowledge of the conviction, and the prosecutor stopped questioning him. Therefore, it is difficult to see how the questioning constituted prejudice sufficient to warrant a mistrial.
Finally, the prosecutor had several exchanges with the defendant regarding the actions of his trial attorney. The defendant objected to these questions. The prosecution asked the defendant if he had discussed the case with his attorney. The defendant's objections regarding these questions were sustained. The defendant has no basis on appeal to object to trial court rulings that were in his favor.
The prosecutor's also asked the defendant why his trial attorney failed to subpoena people the defendant alleged to be alibi witnesses. On appeal, the defendant argues that these statements by the prosecutor were "questions and comments about the attorney-client privilege," which should not have been allowed at trial.
As the state points out, the First Circuit addressed this issue in State v. Carter, 572 So.2d 1131, 1137-1138 (La.App. 1 Cir. 1990). In Carter, as in this case, the defendant testified that during the time of the commission of the crime, he was in a park with a man named "Pub." The prosecutor asked the defendant if he had given Pub's name to defense counsel. Defense counsel objected on the basis of attorney-client privilege. The First Circuit held that the prosecutor's question in Carter did not reach any privileged communication because the identity of Pub was not something revealed to the defendant's attorney in confidence. The court further ruled that the prosecutor's question did not breach the attorney-client privilege because that usually applies to the attorney's testimony. Finally, the court pointed out that the defendant's alibi testimony opened the door to that type of questioning on cross-examination.
Similarly in this case, the questioning did not breach the attorney-client privilege. The defendant's testimony about his alibi opened the door to the prosecutor's queries as to whether the defendant discussed his alibi with his lawyer. Therefore, the prosecutor's questioning did not violate any privileges and, thus, did not constitute prosecutorial misconduct warranting a mistrial. The trial court did not abuse its discretion by failing to grant a mistrial on the basis of the prosecutor's questioning.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant argues that the evidence was generally insufficient to convict him of distribution of cocaine. The State responds that the evidence was sufficient.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990), writ denied, 569 So.2d 968 (La.1990).
The defendant was convicted of a violation of LSA-R.S. 40:967 A, which provides in pertinent part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it *926 shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.[1]
Agent Cutino testified that the defendant summoned him around the corner, and, after inquiring what he wanted, handed him two rocks of crack cocaine in exchange for $40.00. Officer Koenig and Mr. Waguespack testified regarding the chain of custody of the substance later tested as crack-cocaine. Finally, Agent Cutino identified the defendant in court and in a photographic line-up as the subject who sold him drugs. The defendant testified that he only handed Agent Cutino an unidentified package after his friend asked him to and denied taking any money in exchange for drugs. However, after hearing all of the testimony and considering the evidence, the jury chose to believe the State's witnesses rather than the defense's account of the events. It is not the function of this Court to assess the credibility of witnesses or to reweigh evidence. See State v. Bordenave, 95-2328 (La.4/26/96), 678 So.2d 19; State v. Rowan, 97-21 (La. App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. The evidence presented in this case, considered in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of distributing cocaine. See State v. Robinson, 98-1347 (La.App. 5 Cir. 6/30/99), 738 So.2d 166, 168.

ASSIGNMENT OF ERROR NUMBER THREE
The defendant contends that his 15-year sentence of imprisonment at hard labor is excessive because he had no other criminal record. He also argues that the distribution of such a small amount of cocaine does not support the sentence.
Defense counsel orally objected to the sentence as excessive immediately after it was imposed. An oral objection to the sentence is sufficient to preserve the issue for appeal, if the defendant specifically states the grounds for his objection. A statement challenging a sentence as excessive does not set forth specific grounds, and defendant in this case, thus, preserved only his right to a review of his sentence on a bare claim of constitutional excessiveness. State v. Brown, 95-124 (La.App. 5 Cir. 5/30/95), 656 So.2d 1070.
A sentence that is grossly disproportionate to the offense or that imposes needless and purposeless pain and suffering is constitutionally excessive. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir. 1991), writ denied, 577 So.2d 1009 (La. 1991). Once imposed, however, a sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.
The defendant was convicted of distribution of cocaine, a violation of LSA-R.S. 40:967. At the time of the commission of the offense, the punishment for distributing cocaine was imprisonment at hard labor for not less than five years nor more than 30 years. A fine of not more than $50,000.00 could be imposed.
The defendant argues that his sentence was excessive for a first felony offender. However, according to his own admission at trial, the defendant had previous convictions for attempted murder and armed robbery. This court has recently upheld a similar sentence for the distribution of cocaine. State v. Williams, 99-737 (La.App. 5 Cir. 11/30/99), 748 So.2d 1212. The defendant in the instant case received one-half of the maximum sentence for this offense. In light of the defendant's past record, this sentence does not appear to *927 violate the trial court's vast sentencing discretion.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990).
LSA-C.Cr.P. art. 930.8 provides that a defendant has two years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the two year prescriptive period at the time of sentencing. The record reflects that the trial court in this case did not so inform defendant. The trial court is instructed to inform the defendant and file written proof into the record.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Under LSA-R.S. 40:964, Schedule II drugs includes "cocaine".