884 So.2d 1204 (2004)
STATE of Louisiana
v.
Shawn HOUSLEY.
No. 04-KA-347.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 2004.
John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, LA, for State of Louisiana.
Jennifer L. Pate, Baton Rouge, LA, for Defendant/Appellant.
*1205 Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On August 14, 2000, a St. John the Baptist Parish Grand Jury returned an indictment charging defendant, Shawn Housley, with distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). Defendant was arraigned on October 16, 2000 and pled not guilty. On February 27 and 28, 2002, the case was tried before a twelve-person jury which found defendant guilty of the lesser included responsive verdict of attempted distribution of cocaine.
Defendant's motion for new trial was denied on April 4, 2002. The trial court sentenced defendant on May 8, 2002 to imprisonment at hard labor for two and one-half years "without benefit." On June 5, 2002, the trial court granted defendant's motion to reconsider sentence and resentenced defendant to imprisonment at hard labor for two and one-half years, eighteen months suspended, one year to be served "without benefit," and eighteen months probation following the service of the one year. Defendant filed a motion for appeal on June 14, 2002 that was granted.
On March 6, 2002, defendant filed a motion for post-verdict judgment of acquittal. On August 22, 2002, defendant filed with this Court a motion to remand the case to the district court so that the district court could rule upon the motion for post-verdict judgment of acquittal. On March 24, 2004, the district court filed into the record a judgment denying defendant's motion for post-verdict judgment of acquittal.
A "Conditions of Probation" form was filed into the record on February 19, 2003. On July 18, 2003, a motion and order for hearing to revoke probation was filed. On August 25, 2003, the trial court read aloud the conditions of probation to defendant.

FACTS
St. John the Baptist Parish Sheriff's Office Detective Sergeant Troy Hidalgo testified that he supervised police officers from other agencies assigned to his office in an undercover investigation of high crime areas of St. John Parish in an effort to target street level dealers who were distributing illegal narcotics.
Det. Hidalgo testified that, on July 27, 2000, defendant was arrested as a result of that undercover operation. He explained that he monitored the transaction over the radio as it occurred to ensure the safety of the undercover agent and to corroborate that a transaction occurred. Det. Hidalgo testified that the transaction was videotaped, and he identified State's Exhibit 2 as the videotape of the transaction. The videotape was shown to the jury.
The videotape, dated July 27, 2000 at approximately 4:30 p.m., shows a vehicle driving down the street. The vehicle subsequently turns into a parking lot in front of a building. The vehicle backs up and turns around. As it does so, a black male with a towel over the back and sides of his head is seen standing next to a fence. An unknown male voice says "twenty," and the black male motions with his arm for the man to go to the side of the building. The vehicle drives around the back of the building where the black male with the towel over his head is waiting. A white male in the vehicle subsequently exits the vehicle and walks over to the black male. The two men then walk away from the vehicle where they stand close together for a few seconds. The conversation between the two men cannot be heard, nor can the exchange of money or drugs be seen. The *1206 black male walks off to the right, and the white male returns to the vehicle.
Terrebonne Parish Narcotics Task Force Agent Greg Doiron testified that, on July 27, 2000, at 4:33 p.m., he purchased crack cocaine for $20 from an individual later identified as defendant. Agent Doiron explained that it was his third buy on that day, and that the videotape accurately portrayed the transaction. Agent Doiron positively identified defendant in court.
St. James Parish Sheriff's Office Deputy David Hackley testified that, on the day in question, he was in a vehicle with Agents Doiron and Melodi Cantrelle at West Second and Weegie's Bar when he observed a black male later identified as defendant come up to the window of the vehicle. Deputy Hackley testified that Agent Doiron talked to defendant who instructed him to step out of the vehicle. Agent Doiron exited the vehicle and met with the black male several yards away where he purchased $20 worth of crack cocaine and returned to the vehicle. Deputy Hackley admitted he could not see an exchange. He positively identified defendant in court.
Terrebonne Parish Sheriff's Office Agent Melodi Cantrelle testified at trial, and her testimony largely corroborated that of Agent Doiron and Deputy Hackley.
St. John the Baptist Parish Sheriff's Office Lieutenant Clarence Gray testified that, during his years of being on the street crimes task force, he had come to know defendant, and that he and defendant had grown up in the same area of LaPlace. Lt. Gray testified that, on August 7, 2000, he was shown a videotape by Det. Hidalgo, and that he was able to identify defendant as the individual who was selling drugs on the videotape.
Esther Fleming, who was qualified as an expert in the field of drug analysis, tested the substance contained in State's Exhibit 1 and found that it contained cocaine.
Defendant admitted that the individual seen in the videotape was him. He recalled talking to a man in a pickup truck and walking away from the truck with that individual. Defendant explained that while they were walking, defendant asked the man if he was a narcotics agent, and that the man said he was not. Defendant testified that after the man said he was not a narcotics agent, that defendant walked off and that the man just turned around and walked off back to his truck. Defendant denied selling cocaine to that individual or taking $20 from him.

ASSIGNMENT OF ERROR NUMBER ONE
The evidence was insufficient to support the verdict.

DISCUSSION
Defendant argues that the evidence was legally insufficient to support the verdict of attempted distribution of cocaine. Specifically, defendant contends that there was no evidence to show that he had the intent to sell cocaine to the officer. He points out that the jury clearly did not believe Agent Doiron's testimony regarding the events that transpired behind the bar. He asserts that if the jury believed that the cocaine introduced into evidence came from him, the verdict would have been guilty as charged. Defendant argues that, once Agent Doiron's testimony was eliminated as untrue, the only possible verdict would have been not guilty, because defendant's version of events was the only one left.
In determining a challenge to the sufficiency of the evidence, the reviewing court must decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential *1207 elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 82.
In cases involving circumstantial evidence, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." In State v. Mitchell, 772 So.2d at 83, the Louisiana Supreme Court discussed appellate review of such cases:
On appeal, the reviewing court "does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events." ... Rather, the court must evaluate the evidence in a light most favorable to the state and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt....
(Citations omitted; emphasis as found in the original).
Defendant was charged with distribution of cocaine but convicted of attempted distribution of cocaine in violation of LSA-R.S. 40:967(A)(1) and 14:27. LSA-R.S. 40:967 provides that it shall be unlawful for any person "knowingly or intentionally ... [t]o ... distribute, or dispense, ... a controlled dangerous substance ... classified in Schedule II[.]" Cocaine and its derivatives are listed in Schedule II. LSA-R.S. 40:964. A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; See, LSA-R.S. 40:961(14).
An attempt is defined in LSA-R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. (1) Mere preparation to commit a crime shall not be sufficient to constitute an attempt[.] ...
....
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
LSA-R.S. 14:10(1) defines specific intent, as follows: "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act."
Although specific intent may be proven by direct evidence, such as by statements of the accused, it is a question of fact and may be inferred from the circumstances surrounding the offense and the conduct of the defendant. State v. Williams, 01-1650 (La.11/1/02), 831 So.2d 835, 849.
Thus, to be found guilty of attempted distribution of cocaine, a defendant must have a specific intent to distribute cocaine and do or omit an act for the purpose of and tending directly toward the accomplishing of his object.
In the instant case, the state introduced evidence to show that defendant distributed cocaine to an undercover officer. Defendant *1208 introduced evidence to show that he did not sell cocaine to the undercover officer, but rather walked away from the officer after the officer told him he was not a narcotics agent.
Because the jury found defendant guilty of the lesser included offense of attempted distribution of cocaine, it apparently believed that defendant attempted to distribute cocaine to the officer but changed his mind, and that the officer was mistaken when he testified that he purchased cocaine from defendant.
A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. State v. Silman, 95-0154 (La.11/27/95), 663 So.2d 27, 35. A reviewing court may impinge on the fact-finding function of the jury only to the extent necessary to assure that the defendant has received due process of law. State v. Bordenave, 95-2328 (La.4/26/96), 678 So.2d 19, 20 (quoting Jackson, 443 U.S. at 319, 99 S.Ct. at 2789). It is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson. State v. Rosiere, 488 So.2d 965, 968 (La.1986) (and the cases cited therein).
We find that the evidence introduced at trial supports the jury's verdict of attempted distribution of cocaine. Defendant's actions of wearing a towel over his head in the middle of summer in what appeared to be an attempt to hide his identity, walking up to the window of the vehicle, motioning for the man in the vehicle to go around to the back of the building after the man asks for a "twenty," and asking the man whether he was a narcotics agent, is sufficient circumstantial evidence to show that defendant intended to sell cocaine to the undercover officer but changed his mind. Additionally, the evidence indicates that the incident occurred in a high crime area known for drug trafficking, because Det. Hidalgo testified that those were the locations he was targeting in his undercover investigation.
Although Agent Doiron testified that defendant sold him cocaine for $20, and the cocaine was introduced into evidence, the jury could have reasonably concluded that the agent was mistaken when he testified that he purchased cocaine from defendant, because of the other buys he had made that day. Even if the jury thought the officer was mistaken about purchasing cocaine from defendant, as was stated previously, the jury is free to accept or reject in whole or in part, the testimony of any witness, contrary to defendant's assertions that the jury had to completely believe either defendant's version or the officer's version of events. State v. Silman, supra. Apparently, the jury in this case chose to accept in part the testimony of the officers and defendant, which it was free to do.
Viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have concluded beyond a reasonable doubt that defendant was guilty of attempted distribution of cocaine.
This assignment is without merit.
Defendant mentions at the end of his brief under the heading entitled "Conclusion" that he established by a preponderance of the evidence that he was entrapped into committing the offense and, as such, the jury's verdict was contrary to the law and the evidence and the conviction should be reversed. However, defendant's brief contains no argument in support of this assignment. Assignments of error that are neither briefed nor argued are considered abandoned on appeal. *1209 Uniform Rules Courts of Appeal, Rule 2-12.4; State v. Blank, 01-564 (La.App. 5 Cir. 11/27/01), 804 So.2d 132, 139. We will therefore not address this issue on appeal.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We find no errors patent which require corrective action.

DECREE
Accordingly, for the reasons assigned herein, the conviction and sentence of defendant, Shawn Housley, are affirmed.
AFFIRMED.