NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-628

STATE OF LOUISIANA

VERSUS

EDWARD LEE CHARLES

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 301,563
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Billy Howard Ezell, Judges.

AFFIRMED.

James C. Downs
District Attorney - 9th Judicial District Court
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Brian D. Mosley**
**Attorney at Law**
**P. O. Box 12127**
**Alexandria, LA 71315**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**


**Beth Fontenot**
**G. Paul Marx**
**Attorney at Law**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Edward Lee Charles**

PETERS, J.

The State of Louisiana (state) charged the defendant, Edward Lee Charles, by bill of information with possession with intent to distribute hydrocodone, a violation of La.R.S. 40:968. A jury returned the responsive verdict of guilty of possession of hydrocodone. Initially, the trial court sentenced the defendant to serve five years at hard labor, but thereafter the state filed a bill of information charging the defendant as a third felony offender. After a trial on that issue, the trial court adjudicated the defendant a third felony offender, vacated his previous sentence, and sentenced him to serve ten years at hard labor. The defendant has appealed, asserting two assignments of error. For the following reasons, we affirm the conviction.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, the defendant asserts that the state did not prove beyond a reasonable doubt that he was in possession of a controlled dangerous substance because there was insufficient evidence to establish actual dominion over the hydrocodone at issue. He asserts that the evidence establishes nothing more than the presence of a controlled dangerous substance for which he had a prescription. "When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence." *State v. Hearold*, 603 So.2d 731, 734 (La.1992). Thus, we will address his second assignment of error first.

With regard to the issue of sufficiency of evidence, the standard of review is well-settled.

> The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Mussall*, 523 So.2d 1305 (La.1988). A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any

witnesses. *State v. Silman*, 95-0154 (La.11/27/95), 663 So.2d 27, 35. A reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure the *Jackson* standard of review. *State v. Bordenave*, 95-2328 (La.4/26/96), 678 So.2d 19, 20. It is not the function of an appellate court to assess credibility or re-weigh the evidence. *Id.*

*State v. Macon*, 06-481, pp. 7-8 (La. 6/1/07), 957 So.2d 1280, 1285-86.

Louisiana Revised Statutes 40:968(C) provides, in pertinent part:

It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule III unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, or as provided in R.S. 40:978 or R.S. 40:1239, while acting in the course of his professional practice or except as otherwise authorized by this Part.

Hydrocodone is a Schedule III controlled dangerous substance. La.R.S. 40:964.

In order to support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant was in possession of the drug and that he knowingly possessed the drug. Once the State proves that the defendant had possession of the scheduled substance, under LSA 40:990, the burden then shifts to the defendant to prove the affirmative defense that he possessed the scheduled drug pursuant to a valid prescription. LSA-R.S. 40:990; *State v. Lewis*, 427 So.2d 835 (La.1982) (on rehearing); *State v. Ducre*, 604 So.2d 702 (La.App. 1 Cir.1992).

*State v. Blazio*, 09-851, pp. 5-6 (La.App. 5 Cir. 6/29/10), 44 So.3d 725, 728-29, *writ denied*, 10-1781 (La. 2/4/11), 57 So.3d 310 (footnote omitted).

We find the defendant's arguments in this assignment of error to be somewhat confusing. On the one hand, the defendant asserts that the evidence failed to establish that he had dominion and control over the hydrocodone which is the subject of this prosecution, while on the other, he asserts that he had a valid prescription for the hydrocodone. In any event, we find no merit in this assignment of error.

With regard to the possession element of La.R.S. 40:968(C), there is little factual dispute. On January 28, 2010, Rapides Sheriff's Deputy Steve Orr seized six hydrocodone pills from the defendant after having pursued him into a Alexandria,

2

Louisiana pool hall.[1]  The defendant testified at trial, as did his wife, and both acknowledged that the pills recovered by Deputy Orr belonged to him.  We find no error in the jury's determination that the defendant knowingly possessed the hydrocodone.

With regard to the prescription issue, the defendant testified that he had a prescription for the hydrocodone.[2]  However, he was unable to produce a prescription at trial.  According to the defendant, he kept the pills in a bottle in his medicine cabinet, and on January 28, 2010, took six of the pills from the bottle and carried them with him.  He testified that the pills were necessary to treat pain he suffered as a result of several automobile accidents in which he had been involved.  He stated that not only did he not sell any of the pills, but he intended them for his own personal use.

The defendant's wife, Janelle Greene, supported the defendant's testimony that he had a prescription for the pills and testified that she was with him when he had the prescription filled in 2008.  Ms. Greene also supported the defendant's testimony that he treated his frequent pain with the hydrocodone, and asserted that on the day of his arrest he had taken five or six pills out of the prescription bottle.

With regard to the question of whether a prescription existed, the jury chose to believe that the defendant did not have a prescription for hydrocodone or that the hydrocodone pills he possessed were not part of those he received from a prescription he filled in 2008.  We will not second-guess that credibility determination.  *Macon,* 957 So.2d 1280.

We find no merit in this assignment of error.

---

[1]According to Deputy Orr, when he followed the defendant into the pool hall he observed the defendant remove five pills from his pocket and throw them on the floor.  The sixth pill was recovered from the defendant's pocket.

[2]The defendant testified that he obtained the prescription in mid-2008 from a Houston, Texas doctor whose name he could not remember.

## ASSIGNMENT OF ERROR NUMBER ONE

Immediately before trial began, the state filed a motion in limine seeking to exclude from evidence a copy of a computer printout from a Walgreens store that purported to show that the defendant had a prescription for the hydrocodone[3] and to exclude from evidence a medicine bottle which bore some notations, but was only partially legible. The trial court granted the state's motion. In doing so, it concluded that there existed no foundation for the admission of these items of evidence. The defendant asserts that the trial court erred in reaching this conclusion.

In considering the defendant's argument, we first note that the computer printout does not qualify as a prescription.

> "Prescription" means a written request for a drug or therapeutic aid issued by a licensed physician, dentist, veterinarian, osteopath, or podiatrist for a legitimate medical purpose, for the purpose of correcting a physical, mental, or bodily ailment, and acting in good faith in the usual course of his professional practice.

La.R.S. 40:961(33).

The computer printout provided by the defendant purports to be a report from a Texas Walgreens store designated as Store number 10711 and purports to show that the store filled a hydrocodone prescription for the defendant on May 16, 2008. According to the computer printout, the prescription it filled was identified as RX Number 0098292 and was filled pursuant to the instructions of R. Bacon,[4] whose address was listed as 9888 Bissonnet, Suite 480, Houston, Texas. It lists Bacon's telephone number as 713-270-8000.[5] The computer printout does not explain why the original prescription could not be produced.

---

[3]The state did not argue that under no conditions could the computer printout be admitted. Instead, the state asserted that absent a foundation to authenticate the computer printout, it was not admissible.

[4]It is unclear whether the name of the person issuing the prescription is "R. Bacon" or "Watson Bacon." The defendant identified the doctor in his trial testimony as "R. Bacon." In any event, the printout does not designate the person's title. Thus, we do not know whether or not Bacon is a physician.

We recognize that a prescription bottle is sufficient to meet a defendant's burden of proof on the prescription issue. Louisiana Revised Statutes 40:991(A) provides:

> An individual who claims possession of a valid prescription for any controlled dangerous substance as a defense to a violation of the provisions of the Uniform Controlled Dangerous Substances Law shall have the obligation to produce sufficient proof of a valid prescription to the appropriate prosecuting office. Production of the original prescription bottle with the defendant's name, the pharmacist's name, and prescription number shall be sufficient proof of a valid prescription as provided for in this Section.

However, the medicine bottle at issue in this litigation contains none of the information required by this statute.

Notwithstanding the fact that the defendant was unable to produce a valid prescription and that the medicine bottle did not meet the requirements of La.R.S. 40:991(A), the defendant still argues that the trial court erred in not allowing him to introduce the computer printout and the medicine bottle. Specifically, he argues that La.R.S. 40:967(C) does not limit the nature of the evidence that can be used to prove that he had a prescription, and that the lack of authentication of the computer printout and medicine bottle should have gone to the weight of the evidence and not the admissibility. The defendant argues that there is no case setting forth strict rules or limits on what evidence is admissible on the issue and the trial court's ruling violated his right to present a defense. Specifically, he asserts that courts err when applying overly technical rules of authentication. *See Sate v. Donald*, 99-3612 (La. 12/8/00), 775 So.2d 1054.

We find no error in the trial court's ruling. Neither the computer printout nor the medicine bottle met the statutory requirements for admissibility, and all of the information provided on the computer printout is highly suspect. Absent a proper

---

[5]Both the state and the defendant assert that when this telephone number was called, the person answering the telephone stated that the number belonged to a radiator shop.

foundation for their admissibility, the proposed evidentiary items should have been rejected.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction in all respects.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.**
**Rules 2-16.2 and 2-16.3, Uniform Rules—Courts of Appeal.**