811 So.2d 980 (2002)
STATE of Louisiana
v.
Cobey NAPOLEON.
No. 01-KA-1222.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*981 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Allison Monohan, Assistant District Attorneys, 24th Judicial District, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and CLARENCE E. MCMANUS.
THOMAS F. DALEY, Judge.
The defendant pled guilty to two counts of armed robbery and one count of attempted armed robbery. He pled not guilty to charges of attempted second degree murder. Following a judge trial, the defendant was found guilty as charged. He was sentenced to 25 years imprisonment to be served without benefits. He appealed, claiming his sentence is excessive.
The testimony elicited at trial described the events, which led to these charges being filed. Hector Zapata testified that he was approached by defendant and co-defendant[1], Harold Thomas, who asked for a ride home. After turning them down initially, Mr. Zapata eventually agreed to give the boys a ride when one of the boys stated his mother would kick him out of the house if he was not home before dark. The perpetrators gave Mr. Zapata directions to a residential area behind Oakwood Mall. Once they arrived, Mr. Zapata was told to put the car in park at which time defendant and co-defendant pulled guns and demanded Mr. Zapata give them everything he had. Mr. Zapata testified that he was hit in the face and head with the guns despite giving the perpetrators $40.00. He further testified that the defendant told him he was "going to get killed." The perpetrators proceeded to take a cell phone and cassette tapes from the car. At one point, defendant threatened to kill Mr. Zapata. The perpetrators eventually exited the car and Mr. Zapata drove off at which time he heard two shots. Fortunately, neither shot struck him nor his car.
Shane McCloud and Aaron Benny testified that later on the same day Zapata was robbed, they were leaving Oakwood Mall *982 in Aaron Benny's vehicle when defendant and co-defendant approached and asked for a ride to some apartments. Although Shane McCloud and Aaron Benny did not know the perpetrators, the apartments were not out of their way, so they agreed to give them a ride. Aaron Benny followed the perpetrators' directions to the apartments. When they arrived at the apartments, the perpetrators instructed Aaron Benny to drive around to the back and put the car in park at which time the perpetrators pulled guns and demanded the victims' money and valuables. The perpetrators then demanded the car stereo and speakers. Aaron Benny removed the stereo from inside the car while Shane McCloud removed the speaker box from the trunk of the car. Both Aaron Benny and Shane McCloud testified that they were pistol whipped while trying to comply with the perpetrators' demands. Shane McCloud testified that after he handed the speaker box to defendant, defendant shot him in the stomach. The perpetrators then ran taking with them Aaron Benny's jewelry, the clothes he had just purchased at the mall, money, CDs, and the car radio. Aaron Benny then took Shane McCloud to the hospital where he underwent surgery for a gunshot wound to the stomach. Shane McCloud testified that he remained in the hospital for three weeks.
Within one week of the incident, all three victims identified defendant in a photographic lineup as one of the two perpetrators. Both Aaron Benny and Shane McCloud identified defendant as the shooter in their robbery. Defendant was subsequently arrested and gave two statements admitting his involvement in the above two incidents. However, in his statements and at trial, defendant alleged his gun fired accidentally when Shane McCloud handed him the speaker box.
At the conclusion of trial, the trial judge found the defendant guilty of attempted second degree murder. The defendant was sentenced to 25 years imprisonment for each of the armed robberies, 15 years for the attempted armed robbery, and 25 years for the attempted second degree murder. All sentences were imposed without benefits and ordered to run concurrently.
On appeal, defendant argues that his 25-year sentence for attempted second degree murder is excessive. Specifically, he argues the sentence is excessive considering his youthful age and the fact he does not have a prior criminal record, he is a heroin addict and was on heroin at the time of the crimes, the shooting was accidental, and no one died as a result of his actions. Defendant also complains that his co-defendant received a lesser sentence.
It is noted that defense counsel did not file the required Motion to Reconsider Sentence pursuant to LSA-C.Cr.P. 881.1, nor did he object to the sentence at the time of sentencing. Nonetheless, defendant is entitled to a review of his sentence for constitutional excessiveness. State v. Williams, 97-970 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086, 1088.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. In reviewing a sentence for excessiveness this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of *983 justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340. A sentence will not be set aside as excessive absent clear abuse of the trial court's broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065.
Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id.
Defendant was convicted of attempted second degree murder, which has a sentencing range of ten to fifty years without the benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:27:30.1. Defendant was sentenced to 25 years, which is in the middle of the sentencing range. In sentencing defendant, the trial court took specific note of the fact defendant was only 17 years old at the time of the offenses, had a drug problem, and had no prior record.[2] The trial court further noted the severity of the crime.
A review of the jurisprudence indicates that similar sentences have been upheld for defendants without prior felony records. In State v. Ethridge, 96-1050 (La. App. 3 Cir. 2/5/97), 688 So.2d 1274, 1276, the Third Circuit upheld defendant's 45 year sentence for attempted second degree murder despite the fact defendant had no prior criminal record. The defendant had fired six shots into the victim's residence through a bedroom window severely wounding the victim.
In State v. Owens, 606 So.2d 876 (La. App. 2 Cir.1992), the Second Circuit affirmed defendant's 30 year sentence for attempted second degree murder despite defendant's claim the sentence was excessive based on his youthful age of 25 years old and the fact he had no prior felony convictions. Defendant had fired several shots at the victim in a crowded barroom.
In State v. Camese, 00-1943 (La.App. 4 Cir. 7/11/01), 791 So.2d 173, the Fourth Circuit affirmed defendant's 50-year sentence for attempted second degree murder despite the fact defendant had no prior criminal record. Defendant approached the victim at the security gate of the victim's apartment, pointed a gun to his head, and demanded the victim's car. The victim gave defendant the car at which time defendant shot him in the head.
In the present case, defendant tricked his victims by asking for a ride home. He pulled a gun on the high-school aged victims who were merely being nice by giving the perpetrators a ride home. Defendant forced Shane McCloud at gunpoint to disconnect the speakers in the trunk of the car and hit Shane McCloud several times with the gun, demonstrating deliberate cruelty. Shockingly, defendant then shot the victim after he handed over the very item the perpetrators requested. Despite defendant's claim the shooting was an accident, the record shows shots were fired at the prior armed robbery and there was discussion between the perpetrators about shooting someone. Based on these facts, we find the 25-year sentence imposed is *984 not grossly disproportionate to the severity of the offense nor does it shock the conscience.
Regarding defendant's complaint that his co-defendant, Harold Thomas, received a lesser sentence, there is no requirement that co-defendants be sentenced equally. See State v. Rogers, 405 So.2d 829 (La. 1981).
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975).
Defendant was sentenced on June 15, 1999 at which time the trial court advised him he had three years to seek post-conviction relief. The three-year time period was correct at the time defendant was sentenced. However, LSA-C.Cr.P. art. 930.8 was amended to shorten the prescriptive period to two years, effective August 15, 1999. This amendment has been held to be retroactive. State v. Boles, 99-662 (La.App. 5 Cir. 11/10/99), 750 So.2d 1059, 1062. In Boles, this Court determined that a defendant who was informed of the previous three-year prescriptive period for post conviction relief should be informed of the new two-year prescriptive period. Therefore, this matter is remanded and the trial court is ordered to send written notice of the shortened prescriptive period to defendant within ten days of the rendering of this Court's opinion, then to file written proof in the record that defendant received said notice. State v. East, 99-1379 (La.App. 5 Cir. 7/25/00), 768 So.2d 173, 179.
For the foregoing reasons, the defendant's sentence is affirmed. This matter is remanded for the limited purpose of informing the defendant of the shortened time period for seeking post conviction relief.
SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] Co-defendant, Harold Thomas, was also named in the Bill of Information, however, the defendants proceeded separately.
[2] There was some discussion at the sentencing hearing of a possible out-of-state juvenile record.