817 So.2d 387 (2002)
STATE of Louisiana
v.
Marcus HARRIS.
No. 01-KA-1380.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 2002.
*388 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Churita H. Hansell, Kia Habisreitinger, Assistant District Attorneys, Gretna, LA, for State.
Frank Sloan, Covington, LA for defendant-appellant.
Court composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
In this matter, we affirm the trial court's finding that the Defendant is a second felony offender.

STATEMENT OF THE CASE
Defendant, Marcus Harris, was charged with criminal damage to property in excess of $500.00 pursuant to LSA-R.S. 14:56 and unauthorized entry of an inhabited dwelling pursuant to LSA-R.S. 14:62.3. Thereafter, the State amended the bill of information and charged defendant with criminal damage to property less that $500.00, which is a misdemeanor. The defendant pled not guilty to both charges. Trial was held and the jury found the defendant guilty of the responsive verdict of attempted unauthorized entry into an inhabited dwelling. The trial judge found the defendant guilty of the misdemeanor charge of criminal damage to property. The trial judge sentenced the defendant to 18 months imprisonment at hard labor for the felony conviction and 6 months imprisonment for the misdemeanor conviction. These sentences were to each run concurrent.
The State then filed a multiple offender bill of information alleging that the defendant was a second felony offender. The defendant had previously pled guilty to *389 possession of cocaine on April 6, 1995. After a hearing on the multiple offender bill, the trial judge found the defendant to be a second felony offender. The original sentence on the felony charge was vacated and the defendant was sentenced to 18 months imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant has now appealed alleging two assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant alleges that the trial court erred in failing to arraign him on the multiple offender bill of information.
LSA-R.S. 15:529.1(D) provides that the trial court shall order the defendant to appear before it and shall inform him of the allegations contained in the bill of information and of his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. The Louisiana Supreme Court recognized, in State v. Johnson, 432 So.2d 815, 817 (La.1983), that LSA-R.S. 15:529.1(D) implicitly requires the trial court to advise the defendant of his right to remain silent. See also, State v. Monroe, 00-13 (La.App. 5 Cir. 3/28/01), 784 So.2d 29, 43.
In the present case, the defendant is correct that the trial judge did not advise him of his right to remain silent or inform him of the allegations against him. In State v. Perkins, 99-1084 (La.App. 5 Cir. 1/25/00), 751 So.2d 403, 408-409, writ denied, 00-656 (La.12/15/00), 777 So.2d 476, this Court held that the failure of the trial court to advise the defendant of his right to remain silent was harmless error where the defendant's multiple offender status was established by competent evidence offered by the State at the hearing, rather than by the defendant's admission. In Perkins, the defendant complained that the trial court had failed to advise him of his right to remain silent at the multiple offender hearing. This Court recognized that the record did not reflect whether or not the defendant was advised of his right to remain silent. However, this Court held that, even if the trial court failed to so advise the defendant, the error was harmless because the trial court honored the defendant's right to have a formal hearing, and the defendant exercised his right to remain silent by not testifying.
As in Perkins, the trial court in the present case held a multiple offender hearing at which defendant's multiple offender status was established by evidence. Further, the defendant did not testify at this hearing. Accordingly, the failure of the trial court to advise defendant of his right to remain silent is harmless error.
The defendant further argues that the trial court erred in failing to arraign him on the multiple offender bill. This Court has held that a defendant waives his right to admit or deny the allegations in the multiple bill when he proceeds to the multiple offender hearing without objecting. State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394, 403. Because the defendant in this case proceeded to the multiple offender hearing without lodging an objection, he waived his right to admit or deny the multiple bill's allegations.
Therefore, we find that the trial court's failure to arraign the defendant on the multiple offender bill of information is harmless error and the trial court's finding that the defendant is a second felony offender is affirmed.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant alleges that the trial court erred in failing to properly advise him of the delays for filing post-conviction relief.
*390 The defendant contends that the trial judge failed to completely advise him of the prescriptive period for post-conviction relief at the multiple offender sentencing. Defendant acknowledges that the trial judge correctly and completely advised him of the applicable prescriptive period at his original sentencing, but nevertheless requests this Court to require the trial court to give him the correct advice in writing. The State concedes that the information provided to defendant at his multiple offender sentencing was incomplete.
The time limitations for filing post-conviction relief and the trial judge's duty to so advise defendant are set out in Article 930.8 of the Code of Criminal Procedure as follows:
Art. 930.8. Time limitations; exceptions; prejudicial delay
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final....
. . . .
C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.
When the trial court fails to inform a defendant of these time limitations and when they begin to run, this Court may remand the case to the trial court and order it to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court's opinion and to file written proof that defendant received the notice in the record. State v. Gibson, 97-1203 (La. App. 5 Cir. 3/25/98), 708 So.2d 1276, 1281.
However, it should be noted that LSA-C.Cr.P. art. 930.8 does not require a trial court to advise the defendant of the time limitations for filing post-conviction relief more than once. Considering that the trial judge properly advised defendant, at his original sentencing two weeks before he was sentenced as a multiple offender, that he had two years from the date his conviction and sentence becomes final to file an application for post-conviction relief, we find that remand in order for the trial court to provide the defendant with written instructions on LSA-C.Cr.P. art. 930.8 is unnecessary.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no patent errors.
For the above reasons, we affirm the finding of the trial court that the Defendant is a second felony offender.
MULTIPLE OFFENDER FINDING AFFIRMED.